**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **PATRICK NEAL ANDERSON**, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **CIVIL ACTION NO. 11-0056-WS-B** |
| | : |
| **MICHAEL J. ASTRUE,** | : |
| Commissioner of Social Security, | : |
| | : |
| **Defendant.** | : |

## REPORT AND RECOMMENDATION

This case is before the Court on the Government's Motion to Dismiss and Supporting Memorandum (Doc. 14). The motion has been fully briefed and is now ripe for resolution. Based upon a careful review of the Government's motion, the parties' memoranda, and the case file, the undersigned RECOMMENDS that the Government's motion be GRANTED.

## I.   Background

Plaintiff Patrick Neal Anderson ("Anderson") filed an action on June 10, 2002 seeking judicial review of an adverse Social Security ruling that denied his claims for disability insurance benefits and supplemental security income. See Anderson v. Barnhart, Civil Action No. 02-00424-CB-M (S.D. Ala.) (Doc. 1). In Orders dated July 16, 2003, the Court reversed the Social Security decision, remanded the action to Social

Security, and entered judgment in favor of Anderson.  (Id. at Docs. 28 and 29).  Subsequent thereto, Anderson filed a Bill of Costs for the $150.00 filing fee.  (Id. at Doc. 34).  On March 5, 2004, the Clerk taxed costs against Defendant in the amount of $150.00. [1]  (Id. at Doc. 39).

On February 2, 2011, Anderson filed the instant action against Defendant.  (Doc. 1).  In this action, Anderson seeks the $150.00 filing fee awarded in the prior action, plus interest, as well as the $350 filing fee paid in the instant action, with interest.  (Id.).  The Government initially requested and was granted a sixty-day stay of this action to investigate Anderson's claims and attempt to resolve the case informally.  (Doc. 8).

Subsequent thereto, the Government filed this motion seeking the dismissal of the instant action on the ground that it is moot.  (Doc. 14). The Government avers that it has tendered to Plaintiff a check for the $150 in costs that were taxed in the prior action; thus, this action is now moot because Plaintiff has been provided the relief which he sought in filing this action.  (Docs. 14, 18).  Anderson does not dispute that he has been paid the $150 filing fee awarded in the previous

---

[1] The docket entry receipt reflects that, on March 5, 2004, the Clerk's Office sent the Government electronic notice of the Clerk's taxation of costs and notified Plaintiff Anderson by mail.  After the filing of the instant action, the docket entry was modified to attach a copy of the Bill of Costs.  (Doc. 39).

action, but he opposes the Government's motion on the ground that he is also entitled to interest on the $150 award, the $350 filing fee paid in this action, and interest thereon. (Doc. 17). In addition, in his response to the motion to dismiss, Plaintiff raises two new claims. He argues that the Government's failure to promptly pay the costs in the prior action constitutes negligence and bad faith for which he entitled to $100,000,000. (Id.). In its reply, the Government contends that Plaintiff's new allegations fail to state a claim upon which relief can be granted and, further, that the court lacks jurisdiction to consider Plaintiff's new tort claims. (Doc. 18 at 2). The Court will now consider each of these arguments.

## II.  Analysis

### A. Plaintiff's New Claims for Negligence and Bad Faith

As discussed above, in Plaintiff's response to the Government's motion to dismiss, he alleges for the first time that the Government acted negligently and in bad faith in failing to pay him the $150 awarded as costs in his previous action and, therefore, he is entitled to $100,000,000 in damages. Specifically, Plaintiff states:

> [T]he Social Security Administration and their lawyer-the United States Attorney for the Southern District of Alabama were not planning to pay the plaintiff[] his tax cost. The plaintiff[] for seven years called the Social Security asking them to pay the cost tax owed to the plaintiff, but

3

> the Social Security Administration said they
> do not have any record concerning this (tax
> cost). [T]he Social Security Administration
> and/or lawyers acted negligen[tly] and in
> bad faith. They are not kids or
> incompetence (sic) . . . .

(Doc. 17 at 1).

The undersigned notes, as a preliminary matter, that while *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), a plaintiff's *pro se* status does not excuse compliance with the Federal Rules of Civil Procedure or the Local Rules of this District Court. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Nor is this Court allowed to serve as *de facto* counsel for a *pro se* litigant or to rewrite otherwise deficient pleadings in order to sustain an action. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in,* Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

As a general rule, a plaintiff cannot amend his claims by simply including additional allegations in response to a dispositive motion filed by the defendant. See Joiner v. Mason, 2011 U.S. Dist. LEXIS 55580, *21 n.6 (M.D. Ala. May 23,

2011)("[T]o the extent Plaintiff [proceeding *pro se*] presents new claims for relief or factual allegations, additional defendants, and/or additional theories of liability in his opposition to Defendants' dispositive motion, such claims are not properly before the court nor did the Court consider Plaintiff's opposition as an amendment to his complaint."); Bethel v. City of Mobile, Ala., 2011 U.S. Dist. LEXIS 36972, *25 n.6 (S.D. Ala. Apr. 5, 2011) ("The law in this circuit is clear that plaintiffs [even if proceeding *pro se*] are not permitted to raise new claims in response to a defendant's motion for summary judgment.").

While Plaintiff has improperly attempted to amend his complaint in this case by asserting allegations of negligence and bad faith in his response to Defendant's motion to dismiss, the undersigned finds that in light of his *pro se* status and the fact that his attempt to amend the complaint occurred within twenty-one days of service of a motion to dismiss,[2] the amendment should be allowed.   However, Plaintiff's allegations of negligence and bad faith fail to state a claim upon which relief can be granted.

The Federal Rules of Civil Procedure require a plaintiff to set forth in his complaint "a short and plain statement of the

---

[2] Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend his pleadings once as matter of course within twenty-one days after service of a motion under Rule 12(b), as here.

claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In other words, to pass muster, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," and the allegations must be "enough to raise a right to relief above the speculative level." Speaker v. United States Dep't of Health & Human Servs. Ctr. for Disease Control & Prevention, 623 F. 3d 1371, 1380 (llth Cir. 2010)(citations omitted). The Eleventh Circuit has explained as follows:

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (May 21, 2007)(citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S. Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Roe v. Aware Women

> Ctr. for Choice, Inc., 253 F.3d 678, 683
> (11th Cir. 2001)(quoting In re Plywood
> Antitrust Litig., 655 F.2d 627, 641 (5th
> Cir. Unit A Sept. 8, 1981).

Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Plaintiff alleges, in his response to the Government's Motion to Dismiss, that he called "Social Security" for seven years and was told by the persons with whom he spoke that they did not have a record of the $150 award.  Consequently, they would not pay him.  (Doc. 17 at 1).  Interestingly, Plaintiff does not indicate to whom he spoke, nor does he allege that he ever notified the Court[3] or the Government's attorneys in the previous case about the non-payment.  Rather, Plaintiff simply contends that the non-payment, after several phone calls, is sufficient in and of itself to constitute negligence and bad

---

[3] The docket entries in the previous action do not reflect that Plaintiff ever filed anything to apprise the Court that the Government had not paid the costs that had been awarded.  The Court's records do reflect, however, that from 2003 to 2011, Plaintiff filed twelve other cases in this Court, including Anderson v. City of Mobile, Civil Action No. 03-00464-M, Anderson v.  County of Mobile, Civil Action No. 03-00467-CG; Anderson v. Mobile County Health Department, Civil Action No. 03-00593-B; Anderson v. Bishop State, Civil Action No. 03-00595-CB; Anderson v. Michael Dow, Civil Action No. 03-00713-CB; Anderson v. Bishop State, Civil Action No. 04-0050-CG; Anderson v. District One, Civil Action No. 04-00061-CG; Anderson v. District Two, Civil Action No. 04-00060-CG; Anderson v. City of Prichard, Civil Action No. 04-00058-CG; Anderson v. Wein, Civil Action No. 05-00698-CG; Anderson v. Astrue, Civil Action No. 09-00577-KD; and Anderson v. Astrue, Civil Action No. 11-00061-WS.

faith on the part of Defendant.   That is a legal conclusion and as such, it is insufficient to state a claim for relief.

While the Court recognizes that Plaintiff is proceeding *pro se* and must be afforded some leniency, the Court will not "rewrite [his] otherwise deficient pleading in order to sustain [his] action."   GJR Invs., Inc., 132 F.3d at 1369.   Thus, Plaintiff's conclusory allegations of negligence and bad faith, even if construed as an amendment to the complaint, fail to state a claim upon which relief could be granted.

In addition, Plaintiff's newly raised negligence and bad faith claims fail inasmuch as Plaintiff has not alleged exhaustion of his remedies under the Federal Tort Claims Act ("FTCA").   The doctrine of sovereign immunity prohibits the United States from being sued without its consent.   See United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980); see also Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 141, 92 S. Ct. 1456, 31 L. Ed. 2d 741 (1972).   The FTCA provides the conditions under which the United States consents to suit for the torts of its employees acting within the scope and course of their employment.   The FTCA states in relevant part:

> An action shall not be instituted upon a
> claim against the United States for money damages
> for injury or loss of property or personal injury
> or death caused by the negligent or wrongful act
> or omission of any employee of the Government

> while acting within the scope of his office or
> employment, unless the claimant shall have first
> presented the claim to the appropriate Federal
> agency and his claim shall have been finally
> denied by the agency in writing and sent by
> certified or registered mail.

28 U.S.C. § 2675(a).  The Eleventh Circuit has held that "the exhaustion requirements [of the FTCA] are jurisdictional, and that the failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction."  Chapman v. U.S. Postal Service, 442 Fed. Appx. 480, 485 (11th Cir. 2011).  Because Plaintiff has failed to allege exhaustion under the FTCA, this Court lacks jurisdiction to consider his tort claims.  Thus, Plaintiff's claims for negligence and bad faith are due to be dismissed.

**B. Plaintiff's Claims for Filing Fees and Interest**

As discussed above, the Government argues that Plaintiff has received the relief that he sought in filing this action; therefore, the case is due to be dismissed as moot.  (Docs. 14, 18).  Plaintiff does not dispute that he has been paid the $150 in costs previously awarded, but he argues that he is also entitled to interest on the award, as well as the $350 filing fee paid in the present action, plus interest.  (Doc. 17).

First, with respect to the issue of costs and interest related to the previous action, the Equal Access to Justice Act ("EAJA") provides that:

> [A] judgment for costs, as enumerated in
> section 1920 of this title,  . . . may be
> awarded to the prevailing party in any civil
> action brought by or against the United
> States or any agency or any official of the
> United States acting in his or her official
> capacity. . . .  A judgment for costs when
> taxed against the United States shall, in an
> amount established by statute, court rule,
> or order, be limited to reimbursing in whole
> or in part the prevailing party for the
> costs incurred by such party in the
> litigation.

28 U.S.C. § 2412(a)(1); see also Winters v. Astrue, 2012 U.S. Dist. LEXIS 59791, *7 (S. D. Ala. April 9, 2012) ("Court costs such as filing fees are compensable under [section 28 U.S.C. § 2412(a) of] the Equal Access to Justice Act.").

The EAJA also contains an interest provision that provides in relevant part:

> If the United States appeals an award of
> costs or fees . . . made against the United
> States under this section and the award is
> affirmed . . ., interest shall be paid on
> the amount of the award as affirmed . . .
> [and] shall run from the date of the award
> through the day before the date of the
> mandate of affirmance.

28 U.S.C. § 2412(f).  Thus, while the EAJA provides for recoupment of the filing fee *and* interest where the Government loses a challenge on appeal of either the amount of or entitlement to an EAJA award, the statute clearly does not provide for interest where there has been no appeal.  28 U.S.C. § 2412(f); see also Library of Congress v. Shaw, 478 US. 310,

311, 92 L. Ed. 2d 250, 106 S. Ct. 2957 (1986) (superseded in part on other grounds by statute) ("interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from an award of interest."); Newton v. Capital Assur. Co., Inc., 245 F. 3d 1306, 1309 (11th Cir. 2001)("[i]n the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award") (internal quotation marks omitted) (quoting Shaw, 478 U.S. at 314).

A review of the docket in Plaintiff's prior case reflects that he was awarded the $150 filing fee and that there was no appeal of said award. Accordingly, under the plain language of the statute, he is not entitled to any post-judgment interest on the $150 filing fee award.

Next, with respect to the issue of the filing fee in the instant action, that fee can be recovered only if Plaintiff is found to be the prevailing party in this action. As discussed supra, under the EAJA, a "prevailing party" in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). In Morillo-Cedron v. District Dir. U.S. Citizenship

& Immigration Serv., 452 F. 3d 1254 (11th Cir. 2006), the
Eleventh Circuit addressed whether the plaintiff, who sought
mandamus relief to force the District Director of the United
States Citizenship and Immigration Services ("USCIS") to take
action on his applications for lawful permanent residency, had
satisfied EAJA's "prevailing party" requirement.    The Court
explained that "a 'prevailing party' is one who has been awarded
some relief by the court; i.e., some court-ordered change in the
legal relationship between the plaintiff and the defendant," and
that a defendant's voluntary change in conduct "lacks the
necessary judicial imprimatur on the change."   Id. at 1257.   The
Court in Morillo-Cedron concluded that the plaintiffs had not
met the EAJA's "prevailing party" requirement because they had
not litigated the case to judgment:

> The record demonstrates that [the
> plaintiffs] did not litigate to judgment the
> District Director's failure to abide by the
> [Administrative Appeals Office] rules and
> process their applications.  In other words,
> the plaintiffs did not obtain a court-
> ordered change in the legal relationship
> between them and the Government; they did
> not obtain relief on the merits of their
> claim.  The Government voluntarily processed
> their applications and conducted interviews
> before the district court entered any final
> judgment.   Moreover, the district court
> granted the Government's motion to dismiss
> because the case was moot.

Id. at 1258.   Cf. Abdelgalel v. Holder, 398 Fed. Appx. 472, 479
(11th Cir. 2010)(Court held that where the district court issued

a remand order *directing* USCIS to adjudicate the plaintiff's naturalization application within ninety days, the district court's order afforded the plaintiff "some relief" on the merits and changed the legal relationship between the parties; thus, the plaintiff was the prevailing party for purposes of EAJA fees); Bryant v. Astrue, 2010 U.S. Dist. LEXIS 134814, *11-12 (N.D. Fla. Nov. 19, 2010) (in a mandamus action wherein the court provided a date certain by which defendant had to process plaintiff's request for a Social Security hearing, plaintiff was the prevailing party and entitled to EAJA fees because plaintiff had received "some relief" on the merits and had been provided a "legally enforceable right," thus, "effectively changing the parties' legal relationship.").

Although approximately seven years passed between the Court's award of the $150 filing fee in Anderson v. Barnhart, Civil Action No. 02-00424-CB-M (S.D. Ala.) (Doc. 39), and the tender of said payment to Plaintiff during the pendency of this litigation, the undersigned is constrained to find that Plaintiff is not a prevailing party under the EAJA. Without question, Plaintiff's instant suit put in motion the wheels that led to the Government's payment to him of the $150 filing fee. However, the Government had already been ordered to make the payment in the prior action. The tender of the payment in this action was the result of voluntary action on the part of the Government as

13

opposed to a court-ordered change.  As a result, Plaintiff's claim for the filing fee, plus interest, in the instant action is due to be denied.

Having resolved the foregoing issues related to Plaintiff's claims for interest on the award of costs in the previous action and the filing fee and interest in the present action, the Court now turns to Defendant's argument that this action should be dismissed on the ground that it is moot.  "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief."  National Ass'n of Bds. of Pharmacy v. Board of Regents, 633 F.3d 1297, 1308 (11th Cir. 2011)(citations and internal quotation marks omitted).  In Troiano v. Supervisor of Elections, 382 F.3d 1276 (11th Cir. 2004) (citation omitted), the Eleventh Circuit explained as follows:

> A moot case is nonjusticiable and Article III courts lack jurisdiction to entertain it.  As we have explained:
>
>> Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies."  In turn, the "case or controversy" constraint imposes on federal courts a "dual limitation" known as "justiciability."  The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context.  .  .  .

> The doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy. A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. As this Court has explained, put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion.

Id. at 1281-82 (citing Al Najjar v. Ashcroft, 273 F. 3d 1330, 1335-36 (11th Cir. 2001)).

Based on the foregoing, the undersigned agrees with Defendant that no live controversy exists between the parties. It is uncontested that Plaintiff has received the full amount of damages owed him, namely the $150 filing fee awarded as costs in the previous action; he is not entitled to any interest on said amount because there was no appeal by the Government; he is not entitled to costs in the instant action because he is not the prevailing party; and his new claims for negligence and bad faith fail to state a claim upon which relief can be granted. Thus, this case no longer presents a live controversy with

respect to which the court can give meaningful relief. Accordingly, this action is due to be dismissed as moot.

### III. **Conclusion**

For the reasons discussed herein, the undersigned RECOMMENDS that the Government's Motion to Dismiss (Doc. 14) be GRANTED.  If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit a proposed amended complaint with any objections that he files to this report and recommendation.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **26th** day of **October, 2012.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.